PEOPLE, *for use of* PEOPLE'S STATE BANK, *v.* O'CONNELL.

This case is controlled by *People, for use of Lapeer County Bank*, v. *O'Connell*, 214 Mich. 410.

Error to Sanilac; Beach (Watson), J.   Submitted June 17, 1921.   (Docket No. 77.)   Decided July 19, 1921.

Assumpsit by the people of the State of Michigan, for the use and benefit of the People's State Bank of Imlay City, against William F. O'Connell and another as sureties on an official bond.   Judgment for plaintiff.   Defendants bring error.   Affirmed.

*C. F. Gates* and *Fred A. Farr*, for appellants.

*Alex. B. Simonson*, for appellee.

STEERE, C. J.   This action was brought by the above named bank against defendants O'Connell and Murray, as sureties on the official bond of Stuart B. Nicol, drain commissioner of Sanilac county, to recover

damages resulting to plaintiff from his tortious issue of three unlawful and void drain orders to plaintiff's assignor, Ross Davis, a contractor on the so-called "Frost drain job" in Sanilac county. The three orders, aggregating $3,100, were issued by Nicol to Davis in May and July, 1918, ostensibly for work on the Frost drain job, but before he had done any appreciable amount of work under his contract. Plaintiff purchased the orders from Davis in due course of business without notice or knowledge of any defects in their issue. Being drain orders, they were not payable until March 15, 1919, and were purchased by plaintiff at a small discount soon after their issue from Davis who was at that time a customer, and had been granted some credit at the bank. One thousand dollars of the purchase price for the drain orders was by Davis' authority credited on some of his paper held by the bank, partly secured by chattel mortgage, while the balance was credited to his checking account, and by him subsequently checked out.

Drain Commissioner Nicol died in December, 1918. When the orders fell due on March 15, 1919, their payment by the county treasurer had been enjoined by the chancery court, because unlawfully issued, and Davis had turned out to be uncollectible. This action was thereafter soon begun and trial had before the court without a jury. The facts were practically undisputed. Findings of fact with conclusions of law thereon were filed. Plaintiff was awarded judgment in the sum of $3,124.25, being the amount it actually paid for the void orders, with interest at 5% thereon.

About the time this case was submitted an opinion was handed down in a similar case heard the preceding term, entitled *People, for use of Lapeer County Bank*, v. *O'Connell*, 214 Mich. 410. Both cases are against Nicol's bondsmen, based on illegal drain orders

issued in connection with the Frost drain job.   Comparison, of the records and briefs in the two cases discloses that the material facts and questions involved are practically the same although a further claim is made here for defendant to the effect plaintiff "has failed to show any legal injury" because, as contended, it "paid no money or other valuable consideration but applied $1,000 upon existing notes and credited the residue upon the checking account of said Ross Davis," and it is not shown the checking account was disposed of by him until long after this action was begun.   We do not think that theory is sustained by the proofs.

The trial court found that the purchase of those orders was made in good faith and full consideration paid for them by the bank.   This finding is well supported by competent testimony.   The opinion in the *Lapeer County Bank Case* by Justice STONE, filed June 6, 1921, carefully reviews on a similar state of facts the important questions involved here and is controlling.

The judgment is affirmed.

MOORE, WIEST, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.